## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **Brian Michael Bracy,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:22cv827 (RDA/WEF)** |
| | ) | |
| **J. V. Tully, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Brian Michael Bracy, a Virginia inmate proceeding pro se, has filed a civil-rights action under 42 U.S.C. § 1983, alleging that the defendants violated the Prison Rape Elimination Act ("PREA") while he was detained at the Rappahannock Regional Jail in Stafford, Virginia, and he seeks $7,000,000 in damages. [Dkt. No. 1]. Plaintiff has also filed an application to proceed in forma pauperis. [Dkt. No. 7]. Because plaintiff is a prisoner, however, the Court must screen his amended complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A.[1]

### I. Factual Allegations

Bracy alleges he was assaulted by another inmate while he was asleep. Bracy hit "the emergency button," and "asked the correctional staff to file a PREA report immediately." [Dkt.

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.** —On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

No. 1 at 4]. Bracy asked to file a criminal complaint and for medical attention but was told "no one is down there." For two hours after the assault, Bracy was in the vicinity of the perpetrator.

## II. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "an indisputably meritless legal theory," or where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id. at 678, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...." Twombly, 550 U.S. at

2

555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

### III. Discussion

Initially, to state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. De'Lonta v. Fulmore, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010). Bracy has failed to identify what his claim or claims are, which defendant or defendants committed acts that violated those rights, when the acts occurred, or what the acts or omissions were.

To screen a complaint, a plaintiff must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort").

*A. PREA*

Section 1983 provides a cause of action against persons, who acting under the color of state

3

law, deprive another person of the rights and privileges secured by the Constitution or laws. See 42 U.S.C. § 1983. As the Fourth Circuit has recognized, however, "section 1983 itself creates no rights; rather it provides a method for vindicating federal rights elsewhere conferred." Doe v. Broderick, 225 F.3d 440, 447 (4th Cir. 2000) (internal citations omitted). The Supreme Court has explained that, "where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." Gonzaga Univ. v. Doe, 536 U.S. 273, 286 (2002).

To the extent Bracy's complaint that he was sexually assaulted by another inmate was ignored is predicated on his allegation of a PREA violation, he has failed to state a claim. PREA was enacted to address the problem of rape in prison by creating a commission to study the issue and to develop national standards for the detection, prevention, reduction, and punishment of prison rape. See 34 U.S.C. §§ 30301 et seq. (previously codified at 42 U.S.C. § 15601). Nothing in the statute suggests that PREA was intended to provide a private cause of action for rape, sexual assault, or sexual abuse. To the contrary, in enacting PREA Congress sought "[t]o provide for the analysis of the incidence and effects of prison rape in Federal, State, and local institutions and to provide information, resources, recommendations, and funding to protect individuals from prison rape." 108 Pub. L. 79, 117 Stat. 972. PREA is designed to reduce incidents of sexual misconduct in our nation's correctional facilities by providing grants and educational initiatives that are intended to enhance education, investigation, protection, prevention, and prosecution of sexual offenses.

In furtherance of its intent, PREA required the Attorney General to publish regulations that provided "national standards for the detection, prevention, reduction, and punishment of prison rape," which were published on June 20, 2012. See 77 Fed. Reg. 37106, 37107. DOJ's PREA

4

regulations established a standard set of definitions; standards for prisons and jails; lockups; community correction facilities; juvenile facilities; requires audits on a regular basis; and requires state governors to review their most recent audits and certify compliance for state and privately operated facilities. See 28 C.F.R. § 115.[2]

Moreover, the remedy provided by the PREA regulations is for the government agency to discipline the staff member responsible and the disciplinary sanctions are "up to and including termination for violating agency sexual abuse or sexual harassment policies." 28 C.F.R. § 115.76.[3] "There can be little doubt that sexual abuse is repugnant to contemporary standards of decency, and that allegations of sexual abuse can amount to an Eighth Amendment violation." Jackson v. Holley, 666 F. App'x 242, 244 (4th Cir. 2016)); see Farmer v. Brennan, 511 U.S. 825, 834 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." ) (internal quotation marks omitted)). An inmate's remedy,

---

[2] The stated purposes of PREA are:

(1) establish a zero-tolerance standard for the incidence of prison rape in prisons in the United States;

(2) make the prevention of prison rape a top priority in each prison system;

(3) develop and implement national standards for the detection, prevention, reduction, and punishment of prison rape;

(4) increase the available data and information on the incidence of prison rape, consequently improving the management and administration of correctional facilities;

(5) standardize the definitions used for collecting data on the incidence of prison rape;

(6) increase the accountability of prison officials who fail to detect, prevent, reduce, and punish prison rape;

(7) protect the Eighth Amendment rights of Federal, State, and local prisoners;

(8) increase the efficiency and effectiveness of Federal expenditures through grant programs such as those dealing with health care; mental health care; disease prevention; crime prevention, investigation, and prosecution; prison construction, maintenance, and operation; race relations; poverty; unemployment; and homelessness; and

(9) reduce the costs that prison rape imposes on interstate commerce.

34 U.S.C. § 30302.

[3] If a state does not submit proof of compliance with PREA, grants provided to the states may be reduced. See 34 U.S.C. § 30307(e)(2) (mandating 5% reduction in grant funds for failure to comply with PREA).

however, is to file a § 1983 complaint and allege sufficient facts to state an Eighth Amendment violation.[4]

This Court concludes, as have numerous others, that PREA does not provide for a private cause of action because there is "no basis in law for a private cause of action under § 1983 to enforce a PREA violation." Chapman v. Willis, No. 7:12cv389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013). This Court has already embraced the Western District of Virginia's observation that "PREA does not create a private cause of action that can be brought by an individual plaintiff." Powell v. Temple, 2022 WL 2306762, at *4 (E.D. Va. June 27, 2022) (citing De'lonta v. Clarke, No. 7:11cv483, 2012 WL 4458648, at *7-8 (W.D. Va. Sept. 11, 2012) (collecting cases), aff'd, 548 F. App'x 938 (4th Cir. 2013) (per curiam)).[5] Since the time of that decision, some courts of appeals have weighed in and also held that the PREA does not create a private cause of action under §1983. See Krieg v. Steele, 599 F. App'x 231, 232-33 (5th Cir. 2015) (concluding that PREA does not create a private cause of action); Williams v. Wetzel, No. 1:17cv79, 2020 WL 583983, at *17 (M.D. Pa. Feb. 6, 2020) (plaintiff cannot "bring a private

---

[4] The Eighth Amendment is applicable to the States through the Fourteenth Amendment and prohibits the infliction of "cruel and unusual punishments." Wilson v. Seiter, 501 U.S. 294, 297 (1991). "Punishments implicating the Eighth Amendment are not limited to the sentences actually handed down by the sentencing court but may also include 'deprivations . . . suffered [by inmates] during imprisonment.'" Anderson v. Kingsley, 877 F.3d 539, 543 (4th Cir. 2017) (citation omitted). The Eighth Amendment requires "that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment,'" and that "its prohibition of 'cruel and unusual punishments,'" requires prison officials to take reasonable precautions to "protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 832, 833. Farmer holds "that a prison official violates the Eighth Amendment only when" the deprivation the inmates alleges is "objectively, 'sufficiently serious,'" and "a prison official's act or omission" results "in the denial of 'the minimal civilized measure of life's necessities." 511 U.S. at 834 (citations omitted); see Hudson v. McMillian, 503 U.S. 1, 8, 21 (1992) (inmate must allege conduct that was objectively "harmful enough" or "sufficiently serious" to reach constitutional dimensions). In the context of a claim alleging "a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. (emphasis added).

[5] Watson v. Smith, 5:18cv142, 2019 WL 1460263, at *11 (W.D. N.C. Apr. 2, 2019) (dismissing PREA claim as frivolous because "[t]here is no private cause of action for a PREA violation and a prisoner has no constitutional right to a PREA investigation").

action to enforce obligations set forth in the PREA" via § 1983 because the statute does not establish "a private right of action."), aff'd, 827 F. App'x 158, 162 (3d Cir. 2020).

To the extent Bracy challenges the quality of the investigation into his PREA complaint, he has no freestanding constitutional right to such an investigation under § 1983. Powell, 2022 WL 2306762, at *4 (citing Graw v. Fantasky, 68 F. App'x 378, 383 (3d Cir. 2003)). Graw held that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." Id. at 383; see also Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (holding that there was no constitutional right to an investigation following a violent incident based upon which the plaintiff raised a claim of excessive force); Stringer v. Doe, 503 F. App'x 888, 890-91 (11th Cir. 2013) (finding no substantive due process right to an internal investigation by law enforcement). As one district court has concluded, "a claim based on an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person." Miles v. Mitchell, 3:18cvP116, 2018 WL 5929643, at *5 (W.D. Ky. Nov. 13, 2018) (claim defendants failed to investigate properly a PREA report was dismissed for failing to state a claim) (citing Diamond v. Charles, 476 U.S. 54, 64-65 (1986)). To the extent the complaint rests on an alleged failure to investigate his PREA complaint, that claim also fails.

*B. Medical Care*

Bracy mentions, without elaboration, that he requested medical care. [Dkt. No. 1 at 4]. To properly allege a claim that he was denied medical care, he must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). Thus, he must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. A serious medical need

is one that poses a substantial risk of serious injury to an inmate's health and safety. Young v. City of Mt. Ranier, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need.

Under the second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, Bracy must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Id. at 851-52. In addition, deliberate indifference is a "higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citation omitted).

Here, Bracy alleges that he requested medical care but does not allege that it was never provided. Also, while delay of, or interference with, medical treatment can amount to deliberate indifference, see Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), there is no Eighth Amendment violation

> unless "the delay results in some substantial harm to the patient," such as a "*marked*" exacerbation of the prisoner's medical condition or "frequent complaints

of severe pain." See Webb v. Hamidullah, 281 F. App'x 159, 166-67 (4th Cir. 2008) (emphasis added); see also Sharpe v. S.C. Dep't of Corr., 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (internal quotation marks omitted)).

Formica, 739 F. App'x at 755. Substantial harm may also be "a life-long handicap or permanent loss.'" Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (citation omitted). "[T]he length of delay that is tolerable depends on the seriousness of the condition and *the ease of providing treatment*." Id. at 758 (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)) (emphasis added). Further, Bracy does not identify either his alleged serious medical need or the length of the delay and the resulting substantial harm.

### C. Rule 8

The complaint also fails to comply with the requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint contains no "short and plain statement" of a claim. Because he is proceeding pro se, however Bracy will be allowed to amend. His amended complaint must separately number each claim that he seeks to raise by letter or number, and each subsequent claim shall be designated by the appropriate letter or number. Each designated claim shall provide a statement of the claim and included in that statement the Bracy must identify the federal right he alleges has been violated. Thereafter, he will name the defendant or defendants associated with each claim, and provide the facts associated with the claim— including the facts describing the acts or omissions of the defendants that violated Bracy's rights. In setting forth the specifics and facts of his claim, Bracy should use defendants' names rather than

9

a generic designation of "defendants" or staff, which would assist in clarifying the matter and allow a defendant to respond. The facts must include dates as to when matters occurred. Bracy is expressly advised that the amended complaint supersedes the original complaint. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (generally an amended complaint supersedes "the original, the latter being treated thereafter as non-existent.") (citation omitted).

Accordingly, it is hereby

ORDERED that the complaint [Dkt. No. 1] is DISMISSED WITHOUT PREJUDICE for failure to state a claim, see 28 U.S.C. § 1915A; and it is further

ORDERED that plaintiff particularize and amend his complaint within thirty (30) days of the date of this Order using the enclosed standardized §1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise, and (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, **the dates of each incident**, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought. Plaintiff must include his civil action number, **1:22cv827 (RDA/WEF)**, on the first page of his amended complaint. Plaintiff is advised that **this amended complaint will serve as the sole complaint in this civil action**; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to plaintiff.

Entered this ___10___ day of ___August___ 2022.

Alexandria, Virginia

10

/s/
Rossie D. Alston, Jr.
United States District Judge